Porter J.
I should have preferred taking no part in the decision of this case, as it has grown out of transactions involved in the suit of De Armas vs. Hampton, in which I was counsel, but a difference of opinion between my colleagues, has imposed on me the necessity of examining it.
The attorney for the defendant swears, and his affidavit stands uncontradicted, that he was surprised by the judgment by default, as at the time it was taken, there was an understanding between him and the plaintiff to argue the question of removal the first day the court was at leisure.
*93 On this statement I agree in the conclusion which judge Mathews has come to, and for the reason given by him. I think that the error, if any of defendant, was caused by plaintiff, and that he cannot now take advantage of a mistake which was the consequence of his own act. It would be permitting him to profit by his own wrong.
It is therefore my opinion the judgment of the district court be affirmed with costs.
Martin J.
Judgment by default was taken, in this suit, which was instituted by attachment. On the next day Preston, who had received from the sheriff a copy of the petition, and admitted that he was the defendant’s attorney (and who had been also appointed by the court to defend him) obtained a rule that the plaintiff shew cause on the 30th of the same month, why the judgment by default should not be set aside. On which day the rule was enlarged till the 13th of April.
In the mean while, viz. on the 6th of April the parties were heard, and after argument, the judgment was set aside.
A petition was next presented, on which the suit was transferred to the court of the United *94 States for the Louisiana district, under the 12th section of the judiciary act of the United States. 2 Laws U. S. 61. The defendant appealed.
It is admitted that the petition to transfer comes too late, after an appearance entered; for the act of congress has fixed the time when the transfer is to be prayed for, viz : at the time of entering the appearance.
So that the sole question for determination is, had the defendant appeared before the 6th of April, when the petition was filed.
The record shews that Preston was appointed to defend the suit by the court, on the 26th day of March ; that he had received from the sheriff on the 15th of March as attorney in fact of the defendant, a copy of the petition and attachment; that he had written authority to represent the defendant in court, but was expressly directed to require a transfer to the court of the U. States.
That on the 27th, he came into court, and as the attorney of the defendant, obtained a rule on the plaintiff to shew cause why the judgment should not be set aside.
That he attended on the 30th, the return day of his rule, when it was enlarged, and *95 after extended till the 13th, and in the mean while he attended again, viz : on the 16th, when he succeeded to have the judgement set aside.
In this state, the practice of a party or attorney formally entering an appearance, is unknown. The defendant or his attorney enters abruptly on the defence, by any step which he deems proper, without any previous appearance, and he continues to act till the final determination of the suit, without any other appearance.
It seem to me that any act of the defendant or of any attorney of the court, in his name, (while the attorney is not expressly disavowed) constitutes an appearance, and the record of such an act is the entry of his appearance.
Had Preston, in this case, filed an answer, the filing of it would have been the entering of the appearance of the defendant.
I cannot say that the application to have the judgment set aside is not likewise an appearance, entered for the defendant. Had the district court after argument declined to set the judgment by default aside, the judgment would have been final and regular. I cannot see on what ground a transfer could *96 then have been obtained. If it had been prayed for, the answer would have been that the application was too late. If it should be deemed too late in such case, it must be because the time of entering the appearance was past. If it was past, the fate of the application, for setting the judgment by default aside, cannot have brought it back.
It is said the appearance was for the purpose of obtaining the setting aside of the judgment by default, as a preliminary step to the transfer.
I think such a step was needless.—If the party had applied in time, his situation could not have been marred by any previous step of his adversary. On the arrival of the record in the court of the U. States, the judge there might strip the case of any illegal proceedings in the original court.
It is urged that Preston acted without authority ; that his client had directed him to have the case transferred, and that any thing done by him, contrary to his instructions, or the directions of his client is void.
I think not. He is an attorney duly licensed; the record shews he was empowered by the court to act; none of his acts are disavow *97 ed by the defendant. We must believe till the contrary be urged by some other person, than the attorney himself, that he did only what he had right to do.
It seems to me the time of the transfer had passed by, and the judge a quo erred in directing it ; we ought to reverse his order, remand the case and direct him to proceed, thereon as if no petition for a transfer had been filed, and order the defendant and appellee to pay the cost of this appeal.
Mathews, J.
This is an appeal taken from an order of the court below, to remove the cause to a court of the United States. As we are unanimously of opinion that the judgment rendered by the district court is a decision, from which an appeal ought to be sustained, it is unnecessary to investigate that part of the cause. But I do not think the appearance made by the defendant's attorney, for the sole purpose of having a judgment by default, (which had been improperly taken against him) set aside, is such an appearance, as to give jurisdiction to the state court, in exclusion of his client's right to have the cause removed to a court of the United States, as provided for by the act of congress.
*98 A petition to have a suit transferred from a state court, to a court of the United States, may be considered to partake of the nature of a plea in abatement, or dilatory exception to the jurisdiction of the court, in which the action has been commenced ; and a defendant ought not to be permitted to avail himself of it, after having done any act, acquiesing in, and acknowleging the jurisdiction of said court.
A judgment by default, in our courts, is always obtained on the failure of the defendant to appear and answer, and may be set aside on good cause being shewn; and if it should have been illegally taken, he will then be at liberty to plead to the action, as if none such had been rendered.
It is, perhaps true, that according to the act of congress, on the subject of removing suits from the state courts to those of the United States, the appearance of the defendant, and petition of transfer, ought to be simultaneous: but this must be understood of appearance to the action, for the general purpose of answering and pleading as circumstances may require. When any step has been taken in a cause, founded on the want of appear *99 ance, as in the present case, and the defendant afterwards appears for the sole and avowed purpose of having such step retraced, I cannot perceive any good reason to determine that such an appearance should work a forfeiture of any of his rights and privileges, in relation to the ordinary defence of the suit; especially as the first step was illegal, being made contrary to express agreement between the parties.
It is agreed that the manner of defendants appearing in courts of the several states is variant. In ours, it is by coming in and filing an answer to the plaintiff’s petition, or obtaining time to answer. According to the common law, appearance is when the defendant shews himself in court in person, or by his attorney, ready to answer to the action. 5 Com. Digest, tit. Plead. 286. But although the tenant or defendant be in court, and says that he will not appear, this is no appearance. Same author, 287. So, I should be disposed to believe, that when a defendant appeared, declaring his object in so doing, to be for one particular purpose alone, it ought not to be construed an appearance, to answer generally to the action—and acknowlege the jurisdiction of the court.
*100 In judicial proceedings under the rules of the Spanish law, the first dilatory exception to be made, is that which declines the jurisdiction of the court: for if any other is first put in, its jurisdiction is considered as admitted by the defendant; whenever the court is competent to adjudge the cause. But if a defendant appear before a court to litigate, saving his exceptions, he is not precluded by thus appearing from pleading any exception or dilatory plea. Curia Phillipica, Dilationes, nos. 7 & 8.
In the case now under consideration, it is shewn by the affidavit of the attorney for the defendant, that he stated, from the beginning, his object, in appearing in the state court, was to cause his client’s suit to be removed into the proper court of the United States, and that the judgment by default was taken on him by surprise, contrary to an express agreement between him and the plaintiff.
A judgment by default, obtained under such circumstances, must be viewed as null and void ab initio, and the appearance of the defendant's attorney for the sole purpose of having said nullity declared by the state court, in order that the cause might be trans *101 ferred to the United States court, unincumbered with any judicial proceeding of the former, ought not to destroy his client’s right and privilege to have the suit removed. If we add to all this, that the attorney was expressly required by his constituent, to remove any suit which might be comenced against him, to the court of the United States, I cannot perceive any error in the judgment of the judge, a quo.
Eustis for the plaintiff, Preston for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.